# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

MARTIN J. WALSH, Secretary of Labor,           )
United States Department of Labor,             )
                                           )
      Plaintiff,   )
                                           )
      v.           )    Civil Action No.: 1:22-cv-3111
                                           )
GENTERRO, LLC 401(k) PROFIT                     )
SHARING PLAN,                                   )
                                           )
      Defendant.   )

## COMPLAINT

Plaintiff Martin J. Walsh, Secretary of Labor ("the Secretary"), United States Department of Labor, alleges:

1.      This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is brought by the Secretary, pursuant to ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5), to enforce ERISA's Title I provisions, enjoin acts and practices violative thereof and obtain relief as may be appropriate to redress violations.

2.      Jurisdiction over this action is conferred upon the Court by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3.      Venue lies in the District of Colorado pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

4.      Defendant Genterro LLC 401(k) Profit Sharing Plan (the "Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and is subject to coverage under ERISA § 4(a), 29 U.S.C. § 1003(a).

5.      Genterro LLC established the Plan, effective January 1, 2016, for the sole and exclusive purpose of providing benefits to its participants and beneficiaries.  See Ex. A, Decl. of Chris Rogers at ¶ 2.

6.      Plan documents include an Adoption Agreement, a Trust Agreement, and the Summary Plan Description.  The available Plan documents, which govern the Plan's administration and management, identify Genterro as Plan Administrator and Jennifer Terry as Plan Trustee. *Id*. at 3.

7.      Genterro appears no longer to be in business. *Id*. at 4.

8.      TD Ameritrade is the current custodian of Plan assets and will take direction only from the Plan Administrator or a court-appointed fiduciary.  *Id*. at 8.

9.      Since the Company ceased operations in or around May 2021, no one has taken fiduciary responsibility for the administration and management of the Plan or its assets. *Id*. at 6.

10.      Without direction from a named fiduciary or a court-appointed fiduciary, TD Ameritrade cannot terminate or process participant account rollover or distribution requests. *Id*. at 7.

11.      The Plan has not been terminated formally.  *Id*. at 10.

12.      To the best of the Secretary's knowledge, information and belief, as of February 28, 2022, the Plan had $30,030.07 in total assets and five participants (including Jennifer Terry, whose account balance was $0.00). *Id*. at 9.

13.      Because of the facts and circumstances set forth in the paragraphs above, the Plan does not have named fiduciaries or trustees with exclusive authority and discretion to manage and control its assets as required by ERISA §§ 402(a) and 403(a), 29 U.S.C. §§ 1102(a) and

1103(a), respectively; and only this Court has authority to appoint a successor fiduciary capable of providing direction to the Plan custodian.

14.     Because of the facts and circumstances set forth above, participants are unable to access their account balances, either to reinvest them in other tax-qualified retirement savings vehicles before retirement or to draw them down upon retirement.  Accordingly, the Plan's assets are not being held for the exclusive purpose of providing benefits to participants and beneficiaries in violation of ERISA § 403(c)(1).  Because the basis upon which payments are made from the Plan are not and cannot be specified without a trustee, the Plan exists in violation of ERISA § 402(b)(4), 29 U.S.C. § 1102(b)(4). Because the participants cannot access their accounts, the Plan violates its own Plan documents and therefore exists in violation of ERISA §404(a)(1)(D).

15.     The Employee Benefits Security Administration ("EBSA") has identified the CPA firm of Northeast Retirement Services, LLC, to serve as an independent fiduciary for purposes of terminating the Plan and distributing its assets to the Plan's participants. *Id*. at 12.

Wherefore, pursuant to ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5), the Secretary prays that the Court:

A.     Appoint an independent fiduciary to administer the Plan, effectuate the distribution of Plan assets to participants and beneficiaries, and terminate the Plan; and

B.     Provide such other relief as may be just and equitable.

Respectfully Submitted this 1st day of December, 2022,

SEEMA NANDA

Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

LYDIA TZAGOLOFF
Associate Regional
Solicitor

SHERYL VIEYRA
Counsel for ERISA

Office of the Solicitor                    /s/ Erik Vande Stouwe
1244 Speer Boulevard, Suite 515            ERIK VANDE STOUWE
Denver, CO  80204                          Trial Attorney
Direct Line: (202) 693-5618
vandestouwe.erik.r@dol.gov                  U.S. Department of Labor
                                            Attorneys for Plaintiff